# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | No. 4:16-CR-0315 |
| --- | --- | --- |
|  | : |  |
|  | : | (Judge Brann) |
| v. | : |  |
|  | : |  |
| MICHAEL KOCH, | : |  |
|  | : |  |
| Defendant. | : |  |

## ORDER

**November 15, 2017**

**BACKGROUND**

At the request of Defendant Michael Koch's counsel, an in-person status conference was held between defense counsel, Government counsel, and the Court on November 7, 2017. At this conference, defense counsel orally moved for a mental health evaluation of Defendant prior to sentencing. The stated reason for the motion was that Koch desires treatment in accordance with the treatment ordered on his behalf at his August 12, 2005 sentencing in the Western District of Washington.

Pursuant to 18 U.S.C.A. § 4241(a), I may order a competency examination "at any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence…" The

statute continues, "the court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."

The defense does not argue that Koch is unable to understand the proceedings, nor does it argue that he cannot properly assist in his defense. The defense has merely argued that Koch desires to continue his prior treatment.

Additionally, there is no evidence presented demonstrating that Koch is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. I addressed him personally at his September 11, 2017 change of plea hearing pursuant to Federal Rule of Criminal Procedure 11. I found Koch to be fully alert, competent, and capable of entering an informed plea, and that his plea was a knowing and voluntary plea. Moreover, Mr. Koch has filed several pro se motions on the docket, ECF Nos. 63, 64, 65. While I denied the motions, they were coherent and confirm that he does, in fact, understand the nature and consequences of the proceedings against him.

I note that this is my second denial of this same motion by counsel, See ECF No. 61. Be that as it may, I will again deny the motion without prejudice so that counsel may request treatment as part of Mr. Koch's sentencing disposition.

**AND NOW, IT IS HEREBY ORDERED** that Defendant's oral motion for a competency exam is DENIED without prejudice.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge