**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

      v.

MICHAEL KOCH,

      Defendant.

No. 4:16-CR-00315

(Judge Brann)

**MEMORANDUM OPINION**

**APRIL 24, 2018**

## I.     BACKGROUND

Defendant Michael Koch (hereinafter "Koch")  was indicted on October 27, 2016 on two counts of mailing threatening communications and three counts of threatening a federal official.  An assistant federal public defender was appointed to represent Koch; after Koch moved for replacement counsel, Kyle W. Rude, Esquire was substituted.  Thereafter, on September 11, 2017, Koch presented in person to change his not guilty plea to an open plea of guilty, without the benefit of a plea agreement, to all counts charged.

More than four months later, on January 31, 2018, Koch, through counsel, filed a Motion to Withdraw the Guilty Plea,[1] together with an attendant supporting brief.[2]  A hearing was held to consider the merits of this motion on April 20, 2018.

---

[1]    January 31, 2018, ECF No. 76.

During the hearing, Mr. Rude was present and prepared to represent Koch. However, Koch asserted he desired to proceed *pro se*. I attempted to persuade Koch to continue with the benefit of Mr. Rude's representation. But because Koch insisted that he proceed without the assistance of Mr. Rude, I engaged in a colloquy with Koch in accordance with *United States v. Peppers*, 302 F.3d 120 (3d Cir. 2002). Following this colloquy, I permitted him to proceed *pro se*, but asked Mr. Rude to remain as standby counsel.

## II.     DISCUSSION

Federal Rule of Criminal Procedure 11 governs pleas. Subsection (d) of Rule 11 states:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
>
>> (1) before the court accepts the plea, for any reason or no reason; or
>> (2) after the court accepts the plea, but before it imposes sentence if:
>>
>>> (A) the court rejects a plea agreement under Rule 11(c)(5); or
>>>
>>> (B) the defendant can show a fair and just reason for requesting the withdrawal.[3]

---

[2]     February 15, 2018, ECF No. 78.

[3]     Fed. R. Crim. P. 11.

In his motion, Koch argues he should be able to withdraw his guilty plea for these reasons:

> a) Defendant wishes to reinstate his right to testify at trial; b) the reinstatement would not be unduly prejudicial to the government; c) Defendant maintains that he did not commit second and third threats, but instead only responded to questions concerning the single threat, and used this one threat as an attachment to his Affidavit, all of which was addressed during the September 11, 2017 hearing; d) the government did not object to the averments made by Defendant during the September 11, 2017 hearing stated above in paragraph 'c;' e) Defendant was not motivated by DM's status as a former federal official, and Defendant was not notified of this necessary element of the offense; f) Defendant's motive is, and has been, to seek a psychiatric evaluation, which requests for same have been denied; g) Defendant's additional motive is to seek and interpretation of the plea agreement; h) the government is seeking to enhance sentencing based upon facts not established by the record and disputed as stated above.[4]

In his counseled brief, Koch argues "Defendant believes that a necessary element of the offense for 18 USC §115(a)(2) was the Defendant had to be motivated by the victims official status. Defendant submits that since no facts were stated regarding this motive such a requirement renders Defendant's plea of guilty to Counts Three, Four, and Five involuntary and unintelligent."[5]  Additionally, Koch asserts that "at the September 11, 2017 hearing, Defendant, through counsel, clearly stated that Defendant was not admitting to multiple threats but rather a single threat that was repeated as a basis for a second or third threat charge."[6]

---

[4]  ECF No. 76 at 2.

[5]  ECF No. 78 at 1.

[6]  *Id.* at 2.

Moreover, "at the September 11, 2017 hearing, Defendant, through counsel, clearly stated that Count Five 18 U.S.C. § 115(a)(2) was not an additional threat, but a direct response to a question asked during the June 29, 2016 DHO hearing, by federal officials concerning the June 1, 2016 affidavit attached as an exhibit to a motion for the court to take judicial notice."[7] "Defendant submits that Federal Criminal Rule 11 was violated with regard to the three counts of violating 18 USC§115(a)(2)."[8] "Defendant's guilty plea to Counts Three, Four, and Five should be rendered involuntary and unintelligent, Defendant moves to withdraw the plea of guilty to Counts Three, Four, and Five."[9]

Koch subsequently sent a *pro se* letter[10] to the Court which stated he was only moving to partially withdraw his plea. The letter is reproduced in its entirety herein:

---

[7]  *Id.*

[8]  *Id.*

[9]  *Id.*

[10]  ECF No. 81.

Dear Judge Bram                                                      2-26-18

   I am writing to inform you that Kyle Rude, Esquires Brief in Support of the Motion to Withdraw Plea contains a glaring error. It is not my position that I am attempting to withdraw my plea to Count 2. There is no reason to do so as none of the errors allowing withdrawal for the other counts apply to Count 2.

   Thank you for your time.

Koch argued at the April 20, 2018 hearing that he wished to withdraw his plea because he did not admit all the facts alleged by the Government during Koch's guilty plea hearing. He further argued that the statement he made during his prison disciplinary hearing should have been suppressed. He also stated that he did not receive a copy of the transcript of the September 11, 2017 change of plea hearing. The relevant portions of that hearing have been cited herein at length.

It stands to reason that "a guilty plea frequently involves the making of difficult judgments."[11] "Once accepted, a guilty plea may not automatically be withdrawn at the defendant's whim."[12] "A defendant seeking to withdraw a guilty plea bears a substantial burden of showing a 'fair and just reason' for the

---

[11] *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975) (internal citations and quotations omitted).

[12] *United States v. Brown*, 250 F.3d 811, 815 (3d Cir. 2001).

withdrawal of his plea."[13] "Although the burden which a defendant must meet to show there are grounds for withdrawal of a guilty plea before sentence is imposed is not as heavy as it would be in a post-sentence motion, nonetheless it is defendant's burden to establish that there are in fact grounds for withdrawal."[14]

In this circuit, "we look to three factors to evaluate a motion to withdraw: (1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea."[15] "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty."[16] I address each of the three factors in turn.

### A. Koch does not assert his innocence.

"In assessing a defendant's claim of 'legal innocence' for purposes of withdrawal of a guilty plea, we must first examine whether the defendant has asserted his or her factual innocence."[17] "Assertions of innocence must be

---

[13] *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011) (internal citation and quotations omitted).

[14] *Gov't of Virgin Islands v. Berry*, 631 F.2d 214, 220 (3d Cir. 1980).

[15] *Brown* at 815.

[16] *Id. citing United States v. Jones,* 979 F.2d 317, 318 (3d Cir.1992)*, superseded by statute on other grounds as stated in, United States v. Roberson,* 194 F.3d 408, 417 (3d Cir.1999).

[17] *Brown*, 250 F.3d at 817–18.

buttressed by facts in the record that support a claimed defense."[18] "Further, a defendant must also give sufficient reasons to explain why contradictory positions were taken before the district court."[19] "It follows that a court, in addressing a withdrawal motion, must consider not only whether the defendant has asserted his innocence, but also the reason why the defenses now presented were not put forward at the time of original pleading."[20] "Were mere assertion of legal innocence always a sufficient condition for withdrawal, withdrawal would effectively be an automatic right."[21]

Koch argues that he is innocent because needed to be 'motivated' by the victim's status as a federal official. While motive may at times be an element of a crime, more often motive is a not an element of a crime. As described in detail in the next section of this Memorandum Opinion, and here, 'motive' is not an element of any of the offenses with which Koch is charged. Therefore, the Court finds that this factor does not weigh in favor of granting the motion to withdraw.

---

[18] *Siddons*, 660 F.3d at 703, *citing United States v. Wilson*, 429 F.3d 455, 458 (3d Cir.2005).

[19] *Siddons* at 703 (internal citation and quotations omitted).

[20] *Barker*, 514 F.2d at 221.

[21] *Id.*

**B. Koch's arguments in support of withdrawing his plea are weak.**

When a plea is "properly entered" in accordance with Rule 11 procedures, to subsequently move to withdraw a guilty plea "substantial reasons…must be asserted" by the Defendant.[22]   Koch's reasons are inadequate.

The September 11, 2017 change of plea hearing was conducted in open court with Koch appearing in person in accordance with Federal Rule of Criminal Procedure 11(b)(1).[23]  During the guilty plea hearing, I progressed sequentially through Rule 11, commencing by asking the Defendant whether he had received a copy of the indictment[24]—Koch responded that he had;[25] whether he had discussed the charges with Mr. Rude and whether he was satisfied with the representation received from Mr. Rude[26]—he responded in the affirmative to both questions;[27] his competency to change his plea[28]—to which Koch responded that he was currently taking Motrin and Nortriptyline to treat his migraine headaches which improved his thinking and judgment.[29]  He also stated that he has depression and anxiety but was taking no medications for those disorders and understood why he was

---

[22]  *Id.*

[23]  ECF No. 79, Transcript p. 4 line 4.

[24]  *Id.* at lines 15-17.

[25]  *Id.* at line 18.

[26]  *Id.* at lines 19-23.

[27]  *Id.* at lines 21 and 24.

[28]  *Id.* at p 5 lines 8-25, p 6 lines 1-25, and p 7 lines 1-4.

[29]  *Id.* at p 5 lines 12-24.

appearing in federal court and was able to concentrate thon the proceedings.[30]  I

also asked the Defendant if he understood the Government's right to use his

statements made under oath against him in a prosecution for perjury or false

statement[31]—to which he responded that he understood;[32] I asked if he understood

that he had the right to persist in his plea of not guilty[33]—to which he responded

affirmatively;[34]  I explained that he had a right to a 12-juror, unanimous verdict

jury trial in which the Government has the burden of proof beyond a reasonable

doubt and Koch has the right at trial to counsel, to cross-examine witnesses against

him, present evidence, and choose not to testify[35]—Koch replied that he

understood that he was giving up this right by pleading guilty.[36]

I further explained the nature of each of the five counts charged in the

indictment to Koch along with the statutory maximum sentences  for each count,

---

[30]  *Id.* at p 6 lines 11-25.

[31]  *Id.* at p 7 lines 5-7.

[32]  *Id.* at line 8.

[33]  *Id.* at lines 9-10.

[34]  *Id.* at line 11.

[35]  *Id.* at lines 12-25, and p 8 at 1-4 and p 9 lines 1-8.

[36]  *Id.* at p 8  lines 11-20 and p 9 line 3 and 6.  Counsel added a 'caveat' to the record at the
hearing.  There was no issue with Koch giving up his right to a jury trial, counsel merely
addressed what they considered to be 'speedy trial violations.'  Transcript p. 9 at 14-25, p 10
at 1-15, p 11 at 1-25, p 12 at 1-25, p 13 at 1-20.  This 'caveat' ended when counsel concluded
"we're still going forward with change of plea hearing, Your Honor."  Transcript at p 13 line
21-22.   I offered a date certain trial option of October 2, 2017.  Transcript p. 14 at lines 17-
18. Defense counsel discussed this offer privately with Koch, and came back on the record
stating "Your Honor, he intends to change his plea today, Your Honor." Transcript p. 14 at
lines 23-24.

and delineated the aggregated statutory maximum term of imprisonment of forty-five (45) years for all five offenses combined.[37]  Koch agreed that he understood the statutory maximums.[38] I then colloquied Koch to ensure he understood that I have the authority to order restitution and that I must impose a special assessment;[39] again, he responded affirmatively.[40]

I asked both the Government and defense counsel if they had estimated the advisory guideline range, Mr. Rude replied that he had estimated twenty-four (24) to sixty (60) months;[41] counsel for the Government responded that he had estimated a range between thirty (30) to thirty-seven (37) months.[42] I addressed Koch directly stating "Mr. Koch, if I determine after reviewing the pre-sentence report that your guideline sentence is different from what has been estimated, you cannot withdraw your guilty plea, do you understand that sir?"[43] Koch replied, "Yes, Your Honor."[44]  I continued to address Koch directly, stating, "If you disagree with the report, this guilty plea is still binding on you, but you can contest the report with the officer and after that before me, if necessary…Do you

---

[37]  *Id.* at p 15-18.

[38]  *Id.*

[39]  *Id.* at p 19 lines 15-21.

[40]  *Id.*

[41]  *Id.* at p. 20 lines 13-15.

[42]  *Id.* at lines 23-24.

[43]  *Id.* at p 21 lines 3-6.

[44]  *Id.* at line 7.

understand that sir?"[45] Koch again replied, "Yes, Your Honor."[46] I continued, "Mr. Koch, your plea of guilty will be binding on you whether or not I agree with their facts and recommendations at sentencing. Do you understand that sir?"[47] Once again, Koch replied, "Yes, Your Honor."[48] I persisted with this line of questioning, asking Koch "Do you further understand that no one can guarantee you what sentence you will receive from me?"[49]

Because there was no plea agreement, I undertook a *Frye*[50] and *Lafler*[51] colloquy with Koch, to which he confirmed that counsel communicated to him all plea offers made by the Government, whether written or unwritten, and that he had refused all offers.[52]

Finally, I ensured that there was a factual basis underlying the plea. The Assistant United States Attorney recited the elements of the offenses, then followed with the facts underlying the offenses, stating:

> In order to prove the defendant guilty of violating Section 876, the Government must establish the following three elements: First, that the defendant threatened to kidnap or injure D.M., as charged in the

---

[45] *Id.* at p 22 lines 5-9.

[46] *Id.* at line 10.

[47] *Id.* at lines 24-25 and p 23 at lines 1-2.

[48] *Id.* p 23 at line 9.

[49] *Id.* at lines 14-15.

[50] *Missouri v. Frye*, 566 U.S. 134 (2015).

[51] *Lafler v. Cooper*, 566 U.S. 156 (2012).

[52] *Id.* at p 24-27.

indictment; Second, that the defendant deposited or caused to be deposit in the mail for delivery by the United States Postal Service the communication containing that threat; And third, that the defendant mailed the threat knowingly.

And with respect to count two, that the threat was addressed to a government official engaged in the performance of their official duties. With respect to counts three through five, threatening a federal officer, the Government would have to show the following elements: First, that the defendant threatened to assault, kidnap or murder D.M., as charged in the indictment; Second, at the time of the alleged threat, D.M. was a former federal official; And third, that the defendant acted with the intent to impede, intimidate or interfere with that official or with the intent to retaliate against that official on the account of the performance of her official duties.

The Government would show this and show that the defendant was aware of the threatening nature of his communications through the following evidence that would be presented at trial.

On June 1st, 2016 or thereabouts, the defendant mailed a letter to the United States District Court in Scranton. I won't read the entire letter, but in pertinent part the letter contains the following language that I will read with the Court's permission verbatim from the letter that the defendant wrote. "Because the staff of BOP at issue here have clearly demonstrated a continuing and ongoing intent to deceive the Court by fraudulent means, the petitioner is prejudiced from being able to present contrary evidence."

The letter goes on to say, "The petitioner freely admits to willfully transmitting in interstate commerce a threat to injure D.M." -- Your Honor, he spells out the name in full in this letter -- "for her actions and that such a threat is directly related to the illegal activities of D.M., and the petitioner will present a mental health defense at trial and a jury will have to determine the finding of guilt."

There is an affidavit in this letter that says, "I, Michael William Koch, do swear under penalty of perjury before all of the Deities of Heaven, Earth and Hell upon my eternal soul that this affidavit is true and correct. As soon as possible, I will kidnap D.M. from her home, car,

place of employment, or wherever I find it most convenient, by force. I will use duct tape to bind her hands and feet and cover her mouth. I will put D.M. in a cardboard box and transport her to a location of my choice. There I will use many devices to torture D.M. and to maim her.

"I swear before all of the Deities of Heaven, Earth and Hell that I will not allow D.M. to die nor to violate her female parts. D.M. will be a full woman when I release her, by my oath. She will neither walk, talk, see, hear or be desired by anyone ever again."

The letter goes on to acknowledge that it has been transmitted in interstate commerce via the U.S. Post Office to the both the U.S. District Court, located at Post Office Building at Washington and Linden Streets, Scranton, Pennsylvania, and the U.S. Attorney's Office located at 700 Stewart Street, Suite 5220, Seattle, Washington. It's dated June 1st, 2016 and signed by Michael William Koch with his register number and Lewisburg, Pennsylvania.

The letter to Scranton has an envelope which has the address of Scranton, Pennsylvania and the U.S. District Court.

Your Honor, a similar letter was sent to -- addressed to U.S. Attorney, 700 Stewart Street, Suite 5220, Seattle, Washington.

This letter -- and here I'm paraphrasing -- indicates the same type of threats against D.M. And it's also dated June 1st, 2016 and signed by Michael William Koch, Lewisburg, Pennsylvania with his register number.

There was a disciplinary hearing at the Lewisburg Penitentiary on June 29th, 2016. At that point Michael William Koch made an additional statement. I'm quoting verbatim from this statement now.
"I make this statement to clarify the issue at hand; mainly, on June 1st, 2016, I mailed a letter in interstate commerce threatening to kidnap, torture and maim D.M. Inquiring minds want to know what this means. So I shall spell it out."

This letter indicates the use of a cattle prod against her to subdue her and states that she will, quote, Then be placed in a cardboard box that

is held shut and reinforced with additional duct tape, a little like Tawnya Tom[53] was, only still alive.

There's a photograph attached to this statement of a cardboard box that is held together with blue duct tape.

The letter goes on to state the activities that are going to be perpetrated by the defendant against D.M., including complete darkness, enclosed spaces, extreme lighting, excessive and random noises, water boarding, force feeding and a ball-peen hammer. That she would be suspended from the ceiling with handcuffs. That she would be beaten with ropes, leather straps and pieces of garden hose. Additional acts of torture, including electrical shock, needles and bamboo slivers shoved under her fingers and cutting off her ears and rupturing her eardrums and cutting off her lips, eyelids and eyes, which would then be fed to dogs.

This letter is -- this statement -- I'm sorry. This was not mailed. This statement is dated June 29th, 2016 and signed by Michael Koch with his register number.

Mr. Koch was interviewed by an FBI agent after being warned of his Miranda rights, acknowledged that he wrote the two letters that I have discussed here in court.

He further went on to say that he threatened this individual, D.M., because she took away his medications while she was employed as a staff psychologist at the United States Penitentiary Lewisburg and that she took him off of lithium and Wellbutrin, which were medications that he found helpful.

The person that I have referred to as D.M. is referred to by name in the correspondence and statements written by the defendant. She was, in fact, a staff psychologist at the United States Penitentiary Lewisburg from 2009 to 2014.

---

[53] The murder of Tawnya Tom on lands under the territorial jurisdiction of the United States is the reason Koch is incarcerated now. Much like his threats in the letters to D.M, Koch placed Tawnya Tom's body in a cardboard box before discarding it.

Additionally, the Government would move under 404(b) at trial to present evidence that the defendant, in 2005, strangled an individual by the name of Tawnya Tom, killing her and then putting her body in a box and dumping it in the woods. Your Honor, I believe that is a summary of the facts that the Government would present at a trial in this matter to support the charges.[54]

When I asked Mr. Koch if he "fully admit[ted] to all of the facts as recited to the Court by the Assistant United States Attorney,"[55] he and his counsel responded as follows:

MR. RUDE: If I may, Your Honor.

THE COURT: Yes.

MR. RUDE: Some clarification. He acknowledges the June 1st letter to the federal employee sent to Seattle. The reference to the letter sent to Scranton was as a result of a pending case where --

THE DEFENDANT: It was a motion to dismiss and notice of judicial notice -- motion for the Court for -- (inaudible).

MR. RUDE: Okay. He was responding to a motion to dismiss that he filed and a judicial notice request so he was actually -- it wasn't a separate acknowledgment. The affidavit was saying yes, I did do that one. So it wasn't like it was sent twice. We just want that clarification. And in the DHO statement he was pressed further for details in the DHO hearing as to what he meant in the June letter, and that's when he went into further detail. He acknowledges doing so. He acknowledges that he made -- made these statements. That one in particular, he believes it was during a time where he was not receiving medication or responding well to medication, and he may have gone into extra detail because of his mental state at that point.

---

[54] *Id.* at pages 29-34.

[55] *Id.* at p 34 lines 4-5.

Nevertheless, as far as the general statement that he was going to cause harm to a federal employee, he acknowledges that. It was just either clarification in a legal proceeding or additional information in an internal prison proceeding that would require the additional facts that were -- that is stated by Mr. MacArthur.

THE COURT: So Mr. Koch, with your attorney's caveat that he has just spelled out for me, do you fully admit to those facts as recited to me by the Assistant United States Attorney?

MR. RUDE: Yes, Your Honor.

THE COURT: Mr. Koch, with all of the information that I have reviewed with you thus far this afternoon, is it still your desire to plead guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you pleading guilty because you are, in fact, guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you willing to waive your right to a trial by a jury of your peers?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Koch, do you now plead guilty?

THE DEFENDANT: Yes, I do, Your Honor.[56]

As I have just detailed exhaustively, Koch's change of plea hearing was conducted in rigorous conformance with Federal Rule of Criminal Procedure 11. He knowingly and voluntarily admitted guilt to the elements of the offenses

---

[56]  *Id.* at pages 34-35.

charged. Koch cannot now claim that he wants to reinstate his right to testify at trial, that he was not 'notified' of the elements of the offense charged, or that his 'objections' during the change of plea hearing somehow nullified a finding of guilt. The Government clearly placed on the record both the elements of offenses generally and the facts of this matter that support a finding of guilt. Moreover, I clearly explained all the rights Koch was giving up by pleading guilty, including his right to testify at trial.

Additionally, timing of the motion can communicate the relative strength or weakness of the reason underlying the reason to withdraw. A motion to withdraw is considered timely if it has been made within a few days of entering a guilty plea.[57] However, "if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force."[58] Koch filed the instant motion to withdraw his plea on January 31, 2018, more than four **months** after pleading guilty.

I would expect that Koch is not alone in harboring pre-sentence jitters. Like many other defendants, it appears he "want[s] to change his plea[ because] he "had a change of heart after reading the presentence report and contemplating the

---

[57] *See id.*

[58] *Id.* at 222.

possible sentence."[59]  Frequently, courts conclude that this reason is inadequate to justify withdrawal.

Finally, Koch's three final reasons for desiring to withdraw his plea are all also unsupported.  Koch desires 'an interpretation of the [2005] plea agreement.' That is not a task that this Court should, or will, undertake.  That is a function of Koch's counsel.  Koch also asked for a psychiatric evaluation, which I have, on multiple occasions, both in writing and orally, explained to Koch that I will request of the Bureau of Prisons at sentencing.  Finally, Koch argued that 'the government is seeking to enhance sentencing,' referring to the pre-sentence report.  This is not a basis to withdraw a guilty plea.  This argument may be taken care of through his objections to the presentence report, docketed by Koch through his now standby counsel following the April 20, 2018 hearing.

In conclusion, this factor also does not support a withdrawal of the guilty plea.

### C. The Government would be prejudiced by the withdrawal.

 "The government need not show prejudice if the defendant cannot otherwise provide a fair and just reason for the withdrawal of the guilty plea."[60] Nevertheless, "the most common form of prejudice is the difficulty the

---

[59]  *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995) *citing United States v. Huff*, 873 F.2d 709, 712 (3d Cir.1989)

[60]  *United States v. Eason,* 509 F. App'x 180, 182 (3d Cir. 2013).

Government would encounter in reassembling far-flung witnesses in a complex case, but prejudice also occurs where a defendant's guilty plea removed him from an ongoing trial of co-defendants, who were then found guilty."[61]   There is little prejudice to the Government here.  Thus, this factor is neutral.

## III.   CONCLUSION

Judge J. Skelly Wright, speaking for the United States Court of Appeals for the District of Columbia Circuit, in affirming the denial of motions to withdraw guilty pleas from four of the infamous 'Watergate Seven,' sagely stated:

> A guilty plea "frequently involves the making of difficult judgments."
> *McMann v. Richardson*, 397 U.S. 759, 769, 90 S.Ct. 1441 (1148), 25
> L.Ed.2d 763 (1970) . . . . Were withdrawal automatic in every case
> where the defendant decided to alter his tactics and present his theory
> of the case to the jury, the guilty plea would become a mere gesture, a
> temporary and meaningless formality reversible at the defendant's
> whim. In fact, however, a guilty plea is no such trifle, but "a grave and
> solemn act" which is "accepted only with care and discernment."
> *Brady v. United States*, (397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25
> L.Ed. 747 (1970)).[62]

In the matter at hand, Koch has not persuaded the Court that there is any 'fair and just reason' to withdraw his guilty plea.  Here, Koch's stated reasons may be distilled to one - he's changed his mind.  That is an insufficient basis for

---

[61]   *Id.*

[62]   *Barker*, *supra,* at 221.

withdrawing the plea.  Accordingly, the motion to withdraw the guilty plea will be

denied by separate Order.


                                         BY THE COURT:


                                         *s/ Matthew W. Brann*
                                         Matthew W. Brann
                                         United States District Judge